## SIKES vs. ALLEN & AL.

In a suit for rescinding the sale of a slave, on an allegation of the habit of running away, the deed of sale of the defendant's vendor, is evidence for the plaintiff.

Evidence of the slave running away before the sale, with other circumstances, may establish the habit.

APPEAL from the court of the first district.

MARTIN, J. delivered the opinion of the court. The plaintiff seeks the rescission of the sale of a negro, sold him by the defendant, on the ground of his being addicted to running away. On the plea of the general issue, the defendants had judgment, and the plaintiff appealed.

Guerlain deposed he purchased the slave, who is the subject of the present suit, early in February, and in March following he ran away, and was apprehended and put in jail, in Baton Rouge, where he staid about six months, when the witness sold him to O'Conway.

On his cross-examination, the witness declared the negro was about six months in jail, and the witness left him there, because he expected to sell him in Baton Rouge.

O'Conway deposed he bought the negro from the preceding witness, and sold him to the defendants. He did not know either at

the time he bought and sold him, he was a runaway. He was in jail at Baton Rouge, when the witness bought him.

Kneiss deposed that about three weeks after the plaintiff bought the negro, he ran away, and he has never seen him since; the plaintiff made vain efforts to regain him.

Badger deposed that the slave ran away, about seventeen or eighteen days after the plaintiff bought him, and has never been heard of by the witness.

At the trial, the plaintiff offered to read Guerlain's deed of sale to O'Conway, and O'Conway's to the defendants. This was opposed by the counsel of the latter, and the objection sustained.

We think the court erred in rejecting O'Conway's deed to the defendants, subscribed by the latter.

This deed, a notarial one shows that O'Conway did not warrant the slave against any *vice, or defect of disposition or character,* declaring that he was at the time of the sale in the jail of Baton Rouge, for *having been taken up as a run away.*

This case differs but little from that of *Maearty* vs. *Bagnieres.* 2 *Martin.*

SIKES
vs.
ALLEN & AL.

The testimony of Guerlain establishes that the slave ran away soon after the purchase by this witness—that he was lodged in Baton Rouge jail, where Guerlain kept him half a year, and never let him loose. O'Conway, who kept him but a few days, expressly declares the fellow had been taken up as a runaway. He forbears warranting against the habit of running away. Shortly after the purchase, the defendants sell the slave to the plaintiff, without mentioning the important fact of their having bought him while he was in jail, where he had been lodged as a runaway. And within less than a month after this last sale, the slave disappears, and has not been heard of.

Granting that proof of the slave having run away before the sale, is no evidence of a habit, Guerlain's conduct in keeping him in confinement half a year, and not suffering him to go out while he owned him, the care O'Conway took of forbearing to warrant the negro free from the habit of running away, and to declare in the deed of sale, to the defendants, that the slave was at the time in jail as a runaway, and the disappearance of the slave, very shortly after the plaintiff bought him, are circum-

stances which, while their weight is not dim- <span>East'nDistrict.<br>*June*, 1824.</span>
inished by any evidence, offered to counteract
them, leave but little doubt of the plaintiff's <span>SIKES<br>*vs.*</span>
right to recover, and the fact, recorded in ALLEN & AL.
O'Conway's deed, is one which is important to
the plaintiff to be informed of; one which the
vendor could not fairly fail to reveal.

It is therefore ordered, adjudged and de-
creed, that the judgment of the district court
be annulled, avoided and reversed, and that
the sale of the slave Martin, be rescinded, and
that the plaintiff recover from the defendants,
the sum of five hundred dollars, with interest
from the inception of the suit, and costs in both
courts.

*Strawbridge* for the plaintiff, *Morse & May-
bin* for the defendants.